NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ADAN G. VILLARREAL, *Appellant*.

No. 1 CA-CR 16-0725
FILED 2-15-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-117120-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Nicole Farnum, Phoenix
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

¶1             Adan Villarreal appeals from his convictions and sentences for possession of narcotic drugs for sale, possession of marijuana for sale, and possession of drug paraphernalia.  Villarreal challenges in particular the superior court's denial of his motion to suppress evidence obtained when law enforcement entered his apartment.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             The Glendale Fire Department and Glendale Police Officer Stepp responded to a fire at Villarreal's apartment.  After the blaze was extinguished, the fire captain told Officer Stepp that there was something in the apartment that he should see.  The captain led Officer Stepp inside to the kitchen where the officer saw a small plastic bag of cocaine sitting next to a digital scale.  In the front room, Officer Stepp saw a bowl containing a white powdery substance inside an open plastic bin.  He then did a safety sweep of the apartment, during which he saw a small vacuum-sealed bag of marijuana and Villarreal's identification card and open passport.

¶3             Officer Stepp recognized Villarreal from his identification and approached him outside the apartment.  Villarreal voluntarily talked with officers and consented to a full search of the apartment.  During the search, officers found a large vacuum-sealed bag of marijuana, $3,500 in cash, a vacuum sealing machine, and packaging material. Villarreal was arrested and charged with possession of narcotic drugs for sale, possession of marijuana for sale, and possession of drug paraphernalia.

¶4             A jury found Villarreal guilty as charged, and he was sentenced to a mitigated sentence of 4 years' imprisonment for possession of narcotic drugs for sale and concurrent 3-year terms of probation for the other convictions.  Villarreal timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4033.

## DISCUSSION

**¶5** Villarreal argues that the superior court erred by denying his motion to suppress the evidence found in his apartment. During the pretrial suppression hearing, Officer Stepp testified—over Villarreal's objection—that he followed the fire captain into Villarreal's apartment after "the captain . . . came outside and advised me that they had located something in the apartment that they needed to alert me to." Villarreal asserts that this statement was inadmissible hearsay and should have been precluded. He urges that, without this evidence of the fire captain's statement, Officer Stepp had no basis to enter the apartment in the first instance, so all resulting evidence should have been suppressed.

**¶6** We review the superior court's ruling on a motion to suppress for an abuse of discretion, but review de novo constitutional and legal issues. *State v. Moody*, 208 Ariz. 424, 445, ¶ 62 (2004). We consider only evidence presented at the suppression hearing and view that evidence in the light most favorable to upholding the superior court's decision. *State v. Mitchell*, 234 Ariz. 410, 413, ¶ 11 (App. 2014).

**¶7** Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Ariz. R. Evid. 801(c). An out-of-court assertion offered to prove its effect on the listener (rather than the truth of the matter asserted) is not hearsay. *See State v. Romanosky*, 162 Ariz. 217, 222 (1989); *State v. Rivers*, 190 Ariz. 56, 60 (App. 1997).

**¶8** Here, the officer's testimony was offered to explain its effect on the listener—that is, why Officer Stepp followed the fire captain into the apartment—and not to prove the truth of the fire captain's assertion that there was something of significance in the apartment. Thus, the statement was not hearsay, and the superior court did not err by declining to preclude it on that basis. For the same reason, Villarreal's Confrontation Clause argument also fails. *See State v. Tucker*, 215 Ariz. 298, 315, ¶ 61 (2007) ("[T]estimony that is not admitted to prove its truth is not hearsay and does not violate the Confrontation Clause.") (citing *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)).

**¶9** Moreover, based on the Arizona Supreme Court's decision in *Mazen v. Seidel*, 189 Ariz. 195 (1997), Officer Stepp was authorized to enter the apartment even without the fire captain's statement. In *Mazen*, the court held that when firefighters lawfully enter a structure under exigent

circumstances, law enforcement may also lawfully enter that structure subject to the "spatial and temporal boundaries of the firefighters' entry, presence, and plain-view discovery." *Id.* at 202. The court noted that "[t]he police could lawfully step into the shoes of the firefighters to seize what the firefighters could move," and that the defendant "no longer had a reasonable expectation of privacy for that area . . . where one officer was already legally present." *Id.* at 199 (quotation omitted and alteration in original).

¶10 Villarreal does not challenge the lawfulness of the firefighters' entry, and Officer Stepp's contemporaneous entry with the fire captain into Villarreal's kitchen and living room did not exceed the spatial and temporal boundaries of the firefighters' entry or otherwise violate Villarreal's rights. Accordingly, the superior court did not err by denying Villarreal's motion to suppress.

**CONCLUSION**

¶11 We affirm Villarreal's convictions and sentences.

